Vacated and remanded by Supreme Court
on January 9, 1996.

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALEXIS LAWRENCE, Guardian and
next friend on behalf of
Kemmerlyn D. Lawrence, a minor,
<u>Plaintiff-Appellant,</u>

and

KEMMERLYN D. LAWRENCE, a minor,                    No. 94-1812
<u>Plaintiff,</u>

v.

DONNA E. SHALALA, SECRETARY OF
HEALTH AND HUMAN SERVICES,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-93-100-CIV-4-F)

Submitted: December 13, 1994

Decided: February 21, 1995

Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl L. Tilghman, Beaufort, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Barbara D. Kocher, Special

Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See I.O.P. 36.5 and 36.6.

_____

**OPINION**

PER CURIAM:

Appellant, by and through her guardian, appeals the district court's grant of judgment on the pleadings to the Secretary on Appellant's action for surviving child's benefits pursuant to the Social Security Act, 42 U.S.C.A. § 416(h)(2)(A) (West 1991) ("the Act"). Finding no error, we affirm.

I

Appellant's father ("the insured") died in August 1990, in a work-related accident. Prior to the insured's death, the Appellant instituted a civil action in North Carolina to establish that the insured was Appellant's biological father. Blood testing of the insured, Appellant, and Appellant's mother established paternity with a 99.98% probability. Subsequent DNA tests established paternity with a 99.99% probability. The insured died before the North Carolina court rendered a final decision on the merits. Because North Carolina law prohibited entry of judgment in a paternity action after the death of the putative father, Appellant voluntarily dismissed this action. The insured did not acknowledge paternity in writing prior to his death, he did not live with the mother, and he had not contributed to Appellant's welfare.

Thereafter, Appellant filed an application for surviving child's benefits under the Act. The Secretary denied the application, and Appellant obtained review before an administrative law judge ("ALJ"). After a hearing, the ALJ found that paternity was established beyond a reasonable doubt and that Appellant was entitled to surviving

2

child's benefits under the Act. Although the Appeals Council agreed that substantial evidence supported the ALJ's paternity finding, it reversed the benefits award because Appellant had not satisfied entitlement to benefits under any provision of the Act. Appellant then filed a complaint in district court challenging the denial of benefits. The district court granted the Secretary's motion for judgment on the pleadings, and Appellant timely appealed.

II

The Social Security Act provides monthly benefits to minor children of deceased Social Security wage earners if they qualify, under the statutory definition, as dependents. An applicant who can show that she is entitled to inherit the insured's personal property under the intestacy laws of the state in which the insured was domiciled at the time of his death, is entitled to surviving child's benefits. 42 U.S.C.A. § 416(h)(2)(A) (West 1991).

Appellant argues that she is entitled to benefits because she should be entitled to inherit from the insured under North Carolina's intestacy laws.* An illegitimate child may inherit from her father in North Carolina only if paternity is established by a judgment entered <u>prior</u> to the father's death or by a written, notarized acknowledgement executed during the lifetime of both father and child. N.C. Gen. Stat. §§ 29-19; 49-14 (1984) (emphasis added). Hence, because paternity was not established prior to the insured's death, Appellant is not entitled to inherit under North Carolina law, and is not eligible for surviving child's benefits under the Social Security Act.

Appellant argues that this result is unduly harsh and clearly violative of the Equal Protection Clause. Appellant argues that North Carolina's intestacy laws unconstitutionally discriminate against the illegitimate children of deceased parents. To support her proposition, Appellant cites to an Eleventh Circuit case, <u>Handley v. Schweiker</u>, 697 F.2d 999 (11th Cir. 1983). In <u>Handley</u>, the Secretary denied an illegitimate child benefits because, like the present case, Alabama's statutory scheme required an adjudication of paternity during the

_____

*Appellant concedes that she is not eligible under the other statutory provisions of the Act.

3

father's lifetime. Id. at 1001. The court held that Alabama's intestacy statute violated equal protection as applied because it made the status of illegitimacy an insurmountable obstacle to Handley's receipt of benefits. Id. at 1006.

As Appellant concedes, however, this Court has considered the issue and rejected the Eleventh Circuit's analysis. In Jones v. Schweiker, 668 F.2d 755 (4th Cir. 1981); vacated sub. nom. Jones v. Heckler, 460 U.S. 1077 (1983), we held that where a state statutory intestacy scheme resulted in an illegitimate child's inability to inherit from the insured, regardless of that statute's constitutionality, the child was not eligible for benefits under the Social Security Act. Id. at 759. We based our decision on Mathews v. Lucas, 427 U.S. 495 (1976), in which the Supreme Court "upheld treatment of a child born out of wedlock [that was] less favorabl[e] than those whose parents had regularized their relationships for purposes of determining whether they met the `dependency' requirements of the social security act. It was held to be proper, or at least not impermissibly discrimina- tory, to condition entitlement upon `dependency' at the time of death." Jones, 668 F.2d at 759 (citing Mathews, 427 U.S. at 507).

We subsequently reaffirmed our holding in Parsons for Bryant v. Health & Human Servs., 762 F.2d 1188 (4th Cir. 1985). Like the present case, the Appellant in Parsons relied on Eleventh Circuit pre- cedent to argue that North Carolina's inheritance barrier imposed on an illegitimate child whose father dies prior to an adjudication of paternity was unconstitutional. We again rejected that argument in the social security context stating:

> There can be little doubt that if this case had arisen in the neighboring Eleventh Circuit, [the Appellant] could recover Social Security benefits under 42 U.S.C. § 416(h)(2)(A) as a child entitled to intestate distribution from his deceased father's estate. Nevertheless, as the Secretary points out, recovery of benefits in the Fourth Circuit is barred by Jones v. Schweiker, . . . . Jones, in contrast to Handley, holds that even if a state intestacy statute is unconstitutional, the ille- gitimate child is not entitled to benefits.

Id. at 1190.

4

Appellant concedes that the current law in this Circuit bars her recovery of benefits. Accordingly, she asks this Court to reverse our precedent because of the unduly harsh result in her case. We decline to do so, however, because we have already engaged in an extensive review of the basis for our prior holdings. In <u>Jones</u>, we found that the "thrust" of the Social Security Act was to provide benefits to any child found to be dependent, and 42 U.S.C. § 416(h)(2)(A) was adopted to extend the means by which a child could establish this dependency after the insured's death. <u>Jones</u>, 668 F.2d at 760. To this end, § 416(h)(2)(A) aimed to extend benefits"where state law affirmatively showed that the legislature had concluded that there were factors making a dependency relationship probable, despite the absence of the regularizing aspects of marriage of the parents or other events linking the child to the parent." <u>Id.</u>

We stated further that Congress intended § 416(h)(2)(A) to extend the additional eligibility ground through application of state intestacy laws to the extent that the state legislature intended eligibility. <u>Id.</u> at 761 n.17. "It was not the purpose of the adoption of [§ 416(h)(2)(A)] to abide by imperatives, federal and constitutional in nature, which would nullify and contradict the law the [state] legislature wanted to make applicable." <u>Id.</u> Even if direct application of those state laws in denying intestacy inheritance might violate equal protection, this was not a reason to conclude that Congress intended to confer social security benefits beyond the limits intended by state legislatures.

This Court's review of a final decision regarding social security benefits is limited to ascertaining if the Secretary's findings are supported by substantial evidence and whether the correct law was applied. 42 U.S.C. § 405(g) (1988); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). "Supported by substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). Because we find substantial evidence supports the Secretary's findings and that the correct law was applied, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5